

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number:

August 15, 2019

**Andrew J. Frackman**
D: +1 212 326 2017
afrackman@omm.com

<u>**VIA ECF**</u>

Hon. Christian F. Hummel
U.S. Magistrate Judge
U.S. District Court, Northern District of New York
James T. Foley Courthouse
445 Broadway, Room 441
Albany, NY 12207

Re:   <u>*AngioDynamics, Inc. v. C.R. Bard, Inc. et al.*, No. 1:17-cv-0598 (BKS/CFH)</u>

Dear Judge Hummel:

We represent Defendants C.R. Bard, Inc. and Bard Access Systems, Inc.'s (together "Bard") and write jointly with AngioDynamics to request a modest extension of the deadlines to complete discovery and file dispositive motions.  We recognize that the Court instructed the parties that no further extensions would be considered, and the parties have been working expeditiously under the case extension granted on May 7, 2019.  (ECF No. 45.)  But an error by Bard's document production vendor—failing to run search terms against attachments to emails, which we did not discover until mid-July—resulted in a large, late supplemental production. The error is discussed in more detail below to help explain this request to your Honor.

While we have now mostly completed production, in fairness to AngioDynamics, additional time is needed for them to review that production before they can commence fact witness depositions. The parties propose the following extension to the current dates to remedy our error, and respectfully request the Court set the following revised case schedule:

|  | Current | New |
|---|---|---|
| Opening Expert Report | 10/11/2019 | 12/20/2019 |
| Rebuttal Expert Report | 11/26/2019 | 2/7/2020 |
| Reply Expert Report | 1/10/2020 | 3/6/2020 |
| Discovery Closes | 1/24/2020 | 3/13/2020 |
| Motions Due | 2/7/2020 | 3/20/2020 |

The parties have attempted to disrupt the "motions due" date as little as possible while providing AngioDynamics sufficient time to complete its review of newly-produced documents.

The details of the production error are as follows.  Bard's document vendor, Epiq, collected emails and their attachments for the agreed-upon document custodians and used the parties' agreed-upon search terms to identify potentially responsive documents.  Those documents were then reviewed by attorneys for responsiveness and privilege and produced as appropriate.  However, Epiq ran the search terms across only the text of the *emails*, not across

text in email *attachments*.  As a result, only documents associated with an email that included a responsive search term were reviewed and produced.  This approach—which we did not know about and which is inconsistent with normative ESI practices and our instructions to Epiq—failed to capture potentially responsive attachments if the text of the email to which it was attached did not hit on a search term.  We were unaware of this error until mid-July.  The responsible individual is longer at Epiq.[1]

As a consequence, Bard's timely production of over 63,000 documents (over 128 gigabytes) in early May failed to include responsive, non-privileged documents from a universe of over 210,000 documents (over 335 gigabytes) that otherwise would have been reviewed and, if responsive and not privileged, produced.[2]  On July 19, 2019, Bard notified AngioDynamics of the issue. To expedite production, having met-and-conferred with AngioDynamics, Bard produced the 210,000 new documents after only a privilege review, and substantially completed that production on August 13, 2019.  Bard anticipates one additional clean-up production.

Having made an initial assessment of Bard's additional production, AngioDynamics has represented to Bard that it believes that it needs a minimum of four weeks to adequately review this additional production and perhaps closer to two months, given the sizeable volume of the production.  AngioDynamics has also told Bard that it would ordinarily allot additional time to review a production of this magnitude, but given its strong desire to proceed to trial expeditiously, and mindful of the Court's position with respect to extensions, it believes it can complete the review of the additional documents in the time frame proposed without suffering undue prejudice.

Prior to the discovery of the Epiq error, the parties had been on schedule to complete discovery on the current schedule. The parties were in the midst of scheduling Bard witness depositions for late August and September.  AngioDynamics believes that it cannot be ready to begin taking those depositions later this month without foregoing a review of the large recent production. Since it is our error, we support whatever time AngioDynamics believes it needs to complete its review as reflected in this request, and believe there is good cause for the extension.

---

[1] Should the Court require additional detail about this inadvertent error, Bard can submit a declaration from the document vendor with those details.
[2] The search terms hit on significantly less than 210,000 documents.  This number includes all parent emails and additional attachments to emails that also included an attachment that hit on a search term.

O'Melveny

Sincerely,

*/s/ Andrew J. Frackman*

Andrew J. Frackman
Partner
of O'MELVENY & MYERS LLP

AJF

cc:
    Philip J. Iovieno
    Adam R. Shaw
    Anne M. Nardacci
    Jack F. Dew