**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANGIODYNAMICS, INC.,

               Plaintiff,

    -against-                        No. 1:17-CV-0598 (BKS/CFH)

C.R. BARD, INC.; BARD ACCESS SYSTEMS, INC.,

               Defendants.

---

**C.R. BARD, INC.'S AND BARD ACCESS SYSTEMS, INC.'S**
**MEMORANDUM IN SUPPORT OF EXPEDITED MOTION**
**SEEKING RECONSIDERATION OF MAGISTRATE JUDGE HUMMEL'S**
**ORDER DENYING MOTION SEEKING 30-DAY EXTENSION OF THE APRIL 2,**
**2020 SUMMARY JUDGMENT DEADLINE IN LIGHT OF**
**THE CORONAVIRUS PUBLIC HEALTH CRISIS**

1.	The Bard Defendants respectfully object to U.S. Magistrate Judge Christian Hummel's March 16, 2020 oral order denying their motion to extend the April 2, 2020 summary judgment deadline by 30 days in light of the coronavirus public health crisis. In light of further developments in the coronavirus pandemic in the five days since Bard first made its initial request, including the closing of the Bard Defendants' offices as well as O'Melveny & Myers LLP's U.S. offices and the possibility of a shelter-in-place order requiring residents of New York City to remain in their homes,[1] Bard respectfully requests that the Court continue all current case deadlines by 60 days.

2.	The imminent deadlines that need adjustment are:

    a.	**Mediation deadline (March 31).** The mediator will not conduct a live mediation, and Bard believes trying to do it by videoconference in this complex case would be futile.

    b.	**Imminent expert and fact witness depositions.** Bard still needs to take the depositions of all four of Plaintiff AngioDynamics, Inc.'s ("AngioDynamics") experts and one fact witness, several of which are important predicates for the summary judgment motions currently due April 2. The fact and expert witnesses are unwilling to sit for live depositions. AngioDynamics has suggested videoconference depositions, but doing complicated depositions by videoconference, even if possible, is a poor substitute for live cross-examination and—Bard believes—would prejudice its defense. Adjustments of the deadlines would give Bard the opportunity to try to take the depositions in the ordinary manner in a few weeks, and, if that is not possible, give the parties time to come up with a solution for completing the remaining discovery in a way that would not

---

[1] Erik Ortiz and Corky Siemaszko, *New York City mayor says 'shelter in place' decision coming in next 48 hours* (Mar. 17, 2020 2:50 PM EDT), https://www.nbcnews.com/news/us-news/new-york-city-mayor-says-shelter-place-decision-coming-next-n1161516.

- - 1 - -

    prejudice Bard while ensuring the health and safety of the witnesses, attorneys, and support staff.

  c. **Summary judgment filings (April 2).** O'Melveny & Myers LLP's offices are closed, and its staff are adjusting to remote work. Finalizing the summary judgment motions under these conditions presents complications. And the depositions need to be completed before the motions can be filed. We understand that both parties plan to file summary judgment motions.

  3. On March 13, 2020, Bard requested a 30-day extension of the current deadline for summary judgment—April 2, 2020—in light of the serious difficulties that the coronavirus pandemic interposed, particularly with respect to scheduling and completing critical depositions, including Plaintiff's experts, whose depositions were imminent but had not yet occurred. (ECF Dkt. No. 93.) At a minimum, three of those depositions—AngioDynamics' two economic experts and the former General Manager of its Vascular Access business unit—are critical to summary judgment.

  4. AngioDynamics, which had already deposed each of Bard's experts (and fact witnesses) in person, opposed that request and argued that Bard should be ordered to take each of the depositions by video with no additional time to address the additional complexities of video depositions. (ECF Dkt. No. 95) (contending that "video depositions provide a reasonable and effective solution" to the hurdles that the public health crisis created). While video depositions might be a reasonable alternative in normal circumstances—when at least the witness, court reporter, and videographer (at a minimum) can be in the same location—they are not a reasonable alternative now when lawyers and court reporters are working remotely, travel is restricted, and "shelter in place" orders are being issued around the country. (Indeed, in a telephone call yesterday evening, AngioDynamics' counsel suggested its expert witnesses might not even agree to appear in the same room as a court reporter or videographer.) In the event Bard

will have to proceed by video, the parties will need time to make sure the depositions are as efficient and safe as possible.

5.  In a hearing on March 16, 2020, Magistrate Judge Hummel noted that "[w]e are in the middle of a pandemic." (Transcript of March 16, 2020 Hearing at 16:21.) But Magistrate Judge Hummel denied Bard's request for a 30-day extension of the summary judgment deadline ***without hearing any argument***, ordered Bard to take the depositions by video in the two weeks before the summary judgment deadline, and noted that if Bard was "unhappy with [his oral order], [Bard should] take an appeal to the District Court Judge." (*Id.* at 16:16–17:7.) Hence, this application.

6.  Scheduling relief is especially appropriate in light of intervening guidance that the White House issued after Magistrate Judge Hummel denied Bard's motion,[2] the escalating threat that the coronavirus poses, and the risks attendant on social interaction of any kind. It would be exceedingly difficult for Bard to complete the necessary depositions (even if it must do so by video) and file its summary judgment motion within two weeks. Taking depositions by video under these circumstances—with each one of what may be five to ten participants per deposition at home on a separate video feed and nobody to even mark exhibits—would be challenging and would require an extraordinary amount of coordination, especially given that Bard's outside counsel's offices are closed and its lawyers are working remotely.

7.  As the Court knows, this is a civil case between two corporations about money. There is no exigency, no need for emergency relief, and nobody's life or freedom hangs in the

---

[2] President Donald Trump, Remarks at Press Briefing on Coronavirus (Mar. 16, 2020), https://www.whitehouse.gov/briefings-statements/remarks-president-trump-vice-president-pence-members-coronavirus-task-force-press-briefing-3/ ("We're asking [everyone] to hold their gatherings to under 10 people, not just in bars and restaurants, but in homes. We really want people to be separated at this time, to be able to address this virus comprehensively that we cannot see, for which we don't have a vaccine or a therapeutic.").

balance.[3] The Court has not set a trial date, and continuing the current deadlines would not prejudice either of the parties. Under the current circumstances, consistent with normative practice of many courts at this time (including the U.S. Court of Appeals for the Second Circuit), Bard requests a 60-day continuance of the dates to complete mediation and for Bard and AngioDynamics to file their respective summary judgment motions.[4]

8.  The parties have met and conferred on this issue. AngioDynamics informs us that it does not oppose Bard's corresponding motion for expedited consideration of this motion, and that it will respond promptly to this submission.

---

[3] There is no trial date yet in this matter. On March 13, 2020, the U.S. District Court for the Northern District of New York issued a standing order continuing all civil and criminal jury selection and jury trials scheduled to commence before April 30, 2020 and excluding the time period of that continuance from the ambit of the Speedy Trial Act, in part because of the "effect of the above public health recommendations on the availability of counsel and court staff to be present in the courtroom." General Order #58, *In re Coronavirus COVID-19 Public Emergency* (N.D.N.Y. Mar. 13, 2020).

[4] *See, e.g.*, Order (2d Cir. Mar. 16, 2020) ("To minimize the disruption to the United States Court of Appeals for the Second Circuit's operations, ensure the Court's ability to organize its docket and eliminate the need for litigants to file a motion seeking an extension of time to comply with filing deadlines, IT IS HEREBY ORDERED that all filing dates and other deadlines set out in the Federal Rules of Appellate Procedure, the Court's Local Rules and the Court's orders are extended or tolled, as may be appropriate, by 21 days. This extension is effective today through May 17, 2020."); Amended General Order 20-0012, *In re Coronavirus COVID-19 Public Emergency* (N.D. Ill Mar. 16, 2020) ("In all civil cases, all deadlines, whether set by the court or by the Rules of Civil Procedure or Local Rules, are hereby extended 21 days from the current deadline set.").

    Respectfully submitted,

Dated: March 18, 2020                        /s/ *Andrew J. Frackman*
      New York, New York

                                               Andrew J. Frackman
                                               Pamela A. Miller
                                               Edward N. Moss
                                               **O'MELVENY & MYERS LLP**
                                               7 Times Square
                                               New York, N.Y.  10036
                                               Tel: (212) 326-2000
                                               Fax: (212) 326-2224

                                               James P. Nonkes
                                               Philip G. Spellane
                                               **HARRIS BEACH PLLC**
                                               99 Garnsey Road
                                               Pittsford, N.Y.  14534
                                               Tel: (585) 419-8611
                                               Fax: (585) 419-8811

                                               *Attorneys for Defendants C.R. Bard, Inc.*
                                               *and Bard Access Systems, Inc.*