UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

**************************************************

ANGIODYNAMICS, INC.,                                    *

                              Plaintiff,        *

                    -v-    17-cv-598             *

C.R. BARD, INC., et al.,                                *

                              Defendants.       *

**************************************************


                TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE CHRISTIAN F. HUMMEL
                     March 16, 2020
              445 Broadway, Albany, New York


FOR THE PLAINTIFF:

BOIES, SCHILLER AND FLEXNER, LLP.
BY:  Philip Iovieno, Esq. (via teleconference)
     Anne Nardacci, Esq.
     Jack Dew, Esq.
30 South Pearl Street
Albany, New York  12207

FOR THE DEFENDANT:

O'MELVENY, MYERS LAW FIRM
BY:  Edward Moss, Esq.
     Colleen Powers, Esq.
7 Times Square
New York, New York 10036

AngioDynamics v C.R. Bard - 17-cv-598

```
 1            COURT CLERK:  The case is AngioDynamics, Inc.,
 2    versus C.R. Bard, Inc., et al., docket number 17-cv-598.
 3            Appearances for the record, please.
 4            MR. IOVIENO:  For the plaintiff, we have
 5    Philip Iovieno for Boies, Schiller and Flexner.  I'm
 6    here with my colleagues Anne Nardacci and Jack Dew.
 7            THE COURT:  Good morning, Counselors.
 8            MR. IOVIENO:  Good morning, your
 9    understanding.
10            MR. MOSS:  Good morning, your Honor.  For the
11    defendants, it's Edward Moss from O'Melveny.  My
12    colleague Colleen Powers is here as well.  As I was
13    explaining earlier, Ms. Powers has not yet filed her
14    admissions papers but we were informed that it was okay
15    for her to sit in.
16            THE COURT:  It is.
17            MR. MOSS:  Thank you, your Honor.
18            THE COURT:  Good morning, Ms. Powers.  Good
19    morning, Mr. Moss.
20            Mr. Iovieno, as a practical matter, could you
21    hear Mr. Moss?
22            MR. IOVIENO:  I could.  When I speak, there's
23    a bit of an echo so I will just try to speak slowly but
24    I can hear everything just fine.  Thank you.
25            THE COURT:  Good morning.  I'm just going to
```

─────AngioDynamics v C.R. Bard - 17-cv-598─────

1   put on the record what has transpired, and we will try

2   to address the myriad of issues which you presented this

3   morning.

4          Docket No. 73 is a text order which I issued

5   directing that all discovery be completed by March 12th

6   of 2020 and that motions be filed by April 2nd of 2020.

7   The Court set those deadlines in effort to have this

8   matter trial ready for Judge Sannes by September

9   because, among other reasons, if the case is not tried

10  in September, it will go on Judge Sannes' list of

11  reported case that are pending more than three years.

12         Docket No. 83 is a letter from defense counsel

13  raising an issue that the plaintiffs have failed to

14  comply with Rule 26 in their disclosure and

15  specifically, objecting to a February 12th, 2020,

16  supplemental response served by plaintiff and which,

17  according to the defendants, they identified for the

18  first time 75 hospitals where there may be potential

19  witnesses to testify in this matter.

20         Docket No. 84 is a response from plaintiff's

21  counsel which, among other things, asks for an

22  opportunity to file a more detailed response to Docket

23  No. 83.

24         Docket No. 86 is a detailed response from

25  plaintiff's counsel indicating their position that they,

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

4

AngioDynamics v C.R. Bard - 17-cv-598

1    among other things, have complied with Rule 26, and that

2    this, in their view, is just yet another attempt by

3    defendants to seek depositions beyond those which the

4    Court has previously allowed.

5            Docket No. 87 is a request by defense counsel

6    to file certain portions of their letter of March 11th,

7    2020, under seal.  Docket No. 88 is a yet another letter

8    forwarded to the Court regarding these ongoing discovery

9    disputes.  Docket No. 89 is a letter from plaintiff's

10   counsel asking to file a response to Docket No. 88.

11           Docket No. 91 is a letter from plaintiff's

12   counsel advising the Court that there's a new discovery

13   dispute which was further addressed in Docket No. 92.

14   It appears that the dispute has arisen regarding seeking

15   discovery regarding C3 wave technology.

16           Docket No. 93 is a letter indicating that a

17   dispute has arisen regarding taking the testimony of

18   testimony of at least three witnesses.  The plaintiff

19   wishing to have those witnesses deposed by video and the

20   defendants seeking them to do them in person.  Docket

21   No. 95 is another letter regarding that dispute.

22           Mr. Iovieno, if I start with you, rather than

23   Mr. Moss, Mr. Moss indicates for the first time you have

24   indicated that there are potentially 75 hospitals from

25   which you may seek to call people to testify at the time

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

AngioDynamics v C.R. Bard - 17-cv-598

1    of trial and I guess my question is:  At what point in

2    this process do you intend to advise Mr. Moss and

3    Ms. Powers who you actually intend to call?

4              MR. IOVIENO:  So, your Honor, first of all,

5    the hospital that we identified in our initial

6    disclosures were simply just conforming initial

7    disclosures for the same exact hospitals we had

8    disclosed in July last year and October of last year.

9    Same exact hospitals that Mr. Moss made a motion on in

10   September of last year seeking more depositions, which

11   you gave him some limited relief; he chose not to

12   disclose any of those hospitals in September.

13             THE COURT:  I guess, Mr. Iovieno, let me stop

14   you there.  At any point in time have you advised

15   Mr. Moss whom you intend to produce at trial to testify

16   regarding these issues?

17             MR. IOVIENO:  Well, your Honor, we --

18             THE COURT:  Mr. Iovieno, this is going to go

19   much more quickly if you respond to my questions rather

20   than speechifying.

21             So let me ask you again:  At what point in

22   time do you intend to advise Mr. Moss of those folks who

23   you intend to call to testify at the trial of this

24   matter in front of Judge Sannes?

25             MR. IOVIENO:  When there is a trial witness

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

━━━━━━━AngioDynamics v C.R. Bard - 17-cv-598━━━━━━━

1  list that is submitted and exchanged between the

2  parties, we will list our witnesses at that point.  Your

3  Honor, we --

4        THE COURT:  Mr. Iovieno, when is he entitled

5  to depose these people, then?

6        MR. IOVIENO:  Your Honor, it will come --

7  he -- we will not be -- no one on our trial witness list

8  will not be someone that we identify in discovery.

9        THE COURT:  Who have you identified for each

10  of these 75 hospitals who is going to testify at trial?

11  If you have done that, I have missed that in your

12  letters when I looked at this yesterday.

13       MR. IOVIENO:  Okay.  Let me just say, first of

14  all, it's not 75, it's 25.

15       THE COURT:  I'm just reading from Mr. Moss's

16  letter of March 3rd of 2020 in which he indicates that

17  your interrogatory responses name 75 hospitals.  Let's

18  stop there for a moment.

19       Mr. Moss, you've represented to the Court as

20  an attorney that they identified 75 hospitals.  Is that

21  correct or incorrect?

22       MR. MOSS:  Your Honor, I believe what I

23  represented to the Court is that there are 75 hospitals

24  combined that were identified in our interrogatories and

25  in their interrogatories.

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

```
                    AngioDynamics v C.R. Bard - 17-cv-598
```

 1          THE COURT:  That's not particularly clear from

 2   your letter.

 3          MR. MOSS:  Okay.  But if you -- I apologize

 4   for that, your Honor, but let me clarify.  They say in

 5   their supplemental initial disclosure we have added to

 6   our disclosure any witness who was identified on Bard's

 7   supplemental interrogatory responses or AngioDynamic's

 8   supplemental.

 9          Ms. Powers actually did the work and -- and

10   looked at all of those lists and deduced, because they

11   didn't give us names.  They just referred to --

12          THE COURT:  How many new hospitals?

13          MR. MOSS:  There are 75 total hospitals.

14          THE COURT:  You as well should probably listen

15   to my question.

16          How many new hospitals did the plaintiffs

17   identify in their February 12th, 2020, response?

18          MR. MOSS:  Your Honor, I'm sorry --

19          THE COURT:  Again, Mr. Moss, I'm reading from

20   your letter.  Why don't you take out Docket No. 83.

21          MR. MOSS:  Okay, your Honor.  This is

22   the March 11th letter?

23          THE COURT:  No, it's the March 3rd letter, I

24   believe.

25          MR. MOSS:  Okay.


                    Lisa L. Tennyson, CSR, RMR, FCRR
                   UNITED STATES DISTRICT COURT - NDNY

8

AngioDynamics v C.R. Bard - 17-cv-598

1           THE COURT:  March 3rd.  On March 3rd it

2    appears to -- at least to me, that your office filed a

3    letter, which is Docket No. 83, which is four pages in

4    length, which is signed by you, Mr. Moss.

5           MR. MOSS:  Yes.

6           THE COURT:  In it, if you look at paragraph

7    2 -- excuse me -- paragraph 3, beginning with the words

8    "together."

9           MR. MOSS:  Yes.

10          THE COURT:  Together those interrogatory

11   responses name 75 hospitals.  My question simply is:  My

12   reading of your letter, which apparently is incorrect,

13   is that plaintiff's counsel has recently identified 75

14   hospitals.  Mr. Iovieno says they have identified 25

15   hospitals in their most-recent response.

16          My question simply is:  On February 12th of

17   2020 AngioDynamics served supplemental initial

18   disclosures.  Did they identify 75 new hospitals or 25

19   new hospitals?

20          MR. MOSS:  They identified exactly what's in

21   the block quote above and nothing more.  They identified

22   representatives of each of the hospitals identified

23   in -- that's all they identified.

24          THE COURT:  Then it says in supplemental

25   responses to Bard's interrogatories.  I apologize if I'm

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

AngioDynamics v C.R. Bard - 17-cv-598

1   being unclear.  Did they identify a number of new

2   hospitals?

3            MR. MOSS:  All they did was identify -- they

4   said look at all of the old initial -- look at our

5   interrogatory responses, look at your interrogatory

6   responses, and we may call any one of those hospitals

7   that appears on several lists in those interrogatory

8   responses.

9            THE COURT:  So these are not new named

10  hospitals but hospitals that are garnered for their

11  earlier interrogatory response and your response?

12           MR. MOSS:  Correct, your Honor.

13           THE COURT:  How many of those hospitals were

14  identified by you and how many of them were identified

15  by them?

16           MR. MOSS:  I believe we identified -- I think

17  Mr. Iovieno has this in his letter.  I think it's about

18  20 -- 15 or 20 that we did and the rest were theirs.

19           THE COURT:  Mr. Iovieno, you said you recently

20  identified 25 hospitals.  Where did that number come

21  from?

22           MR. IOVIENO:  Hang on one second.

23           THE COURT:  Take your time, Counselor.

24           MR. IOVIENO:  Your Honor, it was 25 hospitals

25  and there are several different lists but on this issue

————AngioDynamics v C.R. Bard - 17-cv-598————

1    that Mr. Moss is talking about, there's 25 hospitals.

2              THE COURT:  So as of February 12th of 2020,

3    you identified 25 new hospitals or are these hospitals

4    that have previously been disclosed?

5              MR. IOVIENO:  No new hospitals, 25 -- what we

6    did is conform our initial disclosures to what was

7    previously disclosed.  No new hospitals.

8              THE COURT:  Is that your understanding,

9    Mr. Moss, or is it different?

10             MR. MOSS:  No.  All that they disclosed in

11   their initial disclosures was this block quote.  They

12   didn't give any list.  They just referred us to the

13   supplemental responses to our and their interrogatory

14   responses.  We had to count them up and there were 75.

15   If he's now saying, well, it's only the ones we produced

16   in response to interrogatory number 3 or number 4, maybe

17   that's what Mr. Iovieno is saying now, and that would be

18   a start towards narrowing this.

19             THE COURT:  Is that what you're saying,

20   Mr. Iovieno, or are you saying something different?

21             MR. IOVIENO:  No, that is exactly what we're

22   saying, your Honor.

23             MR. MOSS:  But it wasn't in the letter so we

24   don't know which --

25             THE COURT:  So now that we have made that --

                    Lisa L. Tennyson, CSR, RMR, FCRR
                  UNITED STATES DISTRICT COURT - NDNY

AngioDynamics v C.R. Bard - 17-cv-598

```
 1   so now you're identifying 25 hospitals which you are

 2   putting the defendants on notice you may call witnesses

 3   from.  Is that correct, Mr. Iovieno?

 4             MR. IOVIENO:  Correct.  Yes.  The same

 5   hospitals we had previously identified, we are just

 6   confirming our initial --

 7             THE COURT:  Mr. Iovieno, if you could just

 8   once during the rest of my tenure here answer one of my

 9   questions directly, that would be appreciated.

10             My question simply is, Counselor:  Have you

11   now limited the potential pool of hospitals from whom

12   you may call a witness to 25?  Is that correct?

13             MR. IOVIENO:  Correct.

14             THE COURT:  All right.  And when do you

15   anticipate advising them of the name of the witnesses

16   who you may call?

17             MR. IOVIENO:  Your Honor, our intent was at

18   the time when the trial witness lists are exchanged

19   between the parties.  We say in our letter, if you look

20   on page 3 of our letter, we cite the case law where it

21   says very clearly that initial disclosures, you just

22   need to identify the corporate name.  We do not need to

23   identify the names.

24             Now, at the end of the day, there are multiple

25   names of these different hospitals.  The most efficient
```

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

AngioDynamics v C.R. Bard - 17-cv-598

1  way, if Mr. Moss had wanted to depose any of these

2  hospitals, would be to simply issue a corporate

3  representative deposition for the person most

4  knowledgeable at the hospital and they would have put it

5  up.

6          We do not disclose names because it would be

7  multiple names but the hospitals -- the key thing -- and

8  that's what the case law cannot be any more clear in

9  saying, it's cited right in our letter.

10          THE COURT:  So, Mr. Iovieno, you think it's

11  all right if you wait until you file your witness list

12  three weeks before trial to tell them who you are going

13  to call?  Is that what you're telling me?

14          MR. IOVIENO:  No, no, no.  Not at all, your

15  Honor.

16          THE COURT:  Well, when do you plan on telling

17  them, Counselor?

18          MR. IOVIENO:  Your Honor, the names of the

19  hospitals are the ones we identified.  If you are

20  talking about the name -- the specific name of the

21  individual at the hospital --

22          THE COURT:  That's correct.  That's what I'm

23  talking about.  The people who you actually intend to

24  clearly call into court and put in the witness chair.

25          MR. IOVIENO:  Your Honor, let me just say

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

AngioDynamics v C.R. Bard - 17-cv-598

1   quickly, I will directly respond.  That the case law we

2   cited --

3              THE COURT:  Mr. Iovieno, if that's your idea

4   of directly responding, we clearly have different ideas.

5   If you are trying to try my patience, Mr. Iovieno,

6   you're gone pretty far down that road and let me make it

7   clear to you, Counselor, that's not something you want

8   to do.

9              So let's try one more time for you to try to

10  answer one of my questions.

11             When do you intend to tell them the specific

12  people you intend to call to testify in the trial in

13  front of Judge Sannes?

14             MR. IOVIENO:  Our intent was a specific person

15  from the hospital would be disclosed, if we used them

16  and if this issue was still alive after summery

17  judgment, when they exchange trial witness lists.  If

18  you'd rather name from each hospital, I will disclose

19  them now.  It's not a problem to do it.

20             THE COURT:  Don't you think like the purpose

21  of the federal rules it would prevent surprise at trial?

22  You are going to call a witness, they will have no idea

23  what their testimony is going to be.

24             MR. IOVIENO:  If it's the hospital, your

25  Honor.  It's not the name of the individual, the

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY

```
                  ┌─AngioDynamics v C.R. Bard - 17-cv-598─┐
```

 1   hospital --

 2              THE COURT:  Mr. Iovieno, clearly -- clearly I

 3   don't have your skills as an attorney, and I understand

 4   my limitations, but I clearly didn't think you wanted to

 5   call a physical building in here to testify.  I assumed

 6   you were going to call an individual.

 7              You know, let's do this the hard way.

 8              Do you want to make a motion of some kind,

 9   Mr. Moss, with respect to this?

10              MR. MOSS:  Yes, I'm happy to, your Honor.

11              THE COURT:  What kind of motion do you want to

12   make?

13              MR. MOSS:  I want to make a -- well, a motion

14   to compel them to tell us which individual witnesses

15   they're going to call.

16              THE COURT:  When do you want to file your

17   motion?

18              MR. MOSS:  And if they don't do that, to

19   preclude.

20              THE COURT:  When do you want to file your

21   motion by?

22              MR. MOSS:  Can we have a week, your Honor?

23              THE COURT:  You can have two weeks.

24              MR. MOSS:  Okay.  Thank you.

25              THE COURT:  We are in the middle of a

```
                     ┌─AngioDynamics v C.R. Bard - 17-cv-598─┐
```

 1   pandemic.

 2              MR. IOVIENO:  Your Honor, can I just be heard

 3   for one second?

 4              THE COURT:  No.  You've been heard and you've

 5   been absolutely unhelpful, Mr. Iovieno.  You've done

 6   nothing but obstruct and refuse to answer my questions.

 7              This is a self-inflicted wound.  I was trying

 8   to move the matter forward toward trial.  You clearly

 9   don't want to do that, so we are going to do it this

10   way.

11              MR. IOVIENO:  I was just going to say --

12              THE COURT:  Mr. Iovieno, when I tell you not

13   to speak, do not speak.  Do you understand that,

14   Counselor?

15              MR. IOVIENO:  Yes, your Honor.

16              THE COURT:  You will file your motion by

17   April 3rd.

18              MR. MOSS:  Sure, your Honor.  That's fine.

19   Thank you.

20              THE COURT:  Mr. Iovieno, you will file your

21   response by April 17th.  I also understand we have a

22   dispute regarding some discovery you want to conduct,

23   Mr. Moss.  Is that true?

24              MR. MOSS:  That is correct, your Honor.

25              THE COURT:  When do you want to file your

                    AngioDynamics v C.R. Bard - 17-cv-598

1   motion with respect to that issue?

2            MR. MOSS:  We can do it on the same day.

3            THE COURT:  File your motion regarding the

4   other issue --

5            MR. MOSS:  C3 wave issue.

6            THE COURT:  I'm sorry?

7            MR. MOSS:  The C3 wave issue?  Is that the

8   issue?

9            THE COURT:  Yes, the C3 wave issue.

10           MR. MOSS:  Yes, your Honor.

11           THE COURT:  File your motion to compel by

12  April 3rd.

13           MR. MOSS:  That's fine, your Honor.  Thank

14  you.

15           THE COURT:  And you will file your responses

16  by April 17th.  The other dispute is you want to do some

17  depositions in person?

18           MR. MOSS:  Yes, your Honor, or we want to --

19  or we want a 30-day continuance.

20           THE COURT:  That's denied.  You can do that by

21  video.  We are in the middle of a pandemic, Counselor.

22  The fact that you are here this morning in person shows

23  remarkably bad judgment, in my view.  The depositions

24  will be done by video.

25           Anything else you want to address this

                    Lisa L. Tennyson, CSR, RMR, FCRR
                    UNITED STATES DISTRICT COURT - NDNY

17

AngioDynamics v C.R. Bard - 17-cv-598

1    morning, Mr. Moss?

2            MR. MOSS:  No, your Honor.  We do believe that

3    we would --

4            THE COURT:  Mr. Moss, that issue has been

5    resolved.  If you are unhappy with it, take an appeal to

6    the District Court Judge.  Judge Sannes will be happy to

7    hear from you, I'm certain.  Anything else you want to

8    address?

9            MR. MOSS:  I do not.

10           THE COURT:  Mr. Iovieno, anything else you

11   want to address this morning?

12           MR. IOVIENO:  I would make more point on the

13   demand but if you don't want to hear it, I will not.

14           THE COURT:  We are all done here.  You have a

15   good day.  We're done.

16           MR. IOVIENO:  Thank you, your Honor.

17           MR. MOSS:  Thank you, your Honor.

18           THE COURT:  Yes.

19           (Proceeding concluded)

20                * * * * * * * * * *

21

22

23

24

25

                    Lisa L. Tennyson, CSR, RMR, FCRR
                UNITED STATES DISTRICT COURT - NDNY

# C E R T I F I C A T I O N

I, Lisa L. Tennyson, RMR, CSR, CRR, Federal

Official Realtime Court Reporter, in and for the United

States District Court for the Northern District of New

York, do hereby certify that pursuant to Section 753,

Title 28, United States Code, that the foregoing is a

true and correct transcript of the stenographically

reported proceedings held in the above-entitled matter

and that the transcript page format is in conformance

with the regulations of the Judicial Conference of the

United States.

_____

Lisa L. Tennyson, RMR, RPR, FCRR

Lisa L. Tennyson, CSR, RMR, FCRR
UNITED STATES DISTRICT COURT - NDNY