IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGIODYNAMICS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> C.R. BARD, INC.; BARD ACCESS SYSTEMS, INC., <br><br> Defendants. | No. 1:17-CV-0598 (BKS/CFH) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S EXPEDITED
MOTION FOR RECONSIDERATION**

Plaintiff submits the following response to Defendant's motion for reconsideration regarding the issue of how, in light of the coronavirus public health crisis, to proceed with the above-referenced litigation (Dkt. No. 98). In short, Plaintiff defers to this Court on how it wants to handle the remaining schedule for this litigation in light of the current, unprecedented situation. Plaintiff simply requests that all efforts be made to keep this case on track to be tried in September 2020, or, if the Court believes that is no longer feasible, at some point before the end of 2020.

Plaintiff's sole goal since commencing this litigation has been to get the case to trial as soon as reasonably possible. In this regard, Plaintiff has worked diligently to adhere to this Court's consistent directive to keep this case on track to be tried in September 2020. As the Court can see from Defendant's submission, the vast bulk of discovery has already been completed.

Plaintiff's main concern is that Defendant's current request for a 60 day extension of current case deadlines may lead to an indefinite delay in the case should the coronavirus situation not materially improve over the requested 60 day period. Indeed, since the parties are at the very end of discovery with only a few depositions that Defendant has stated it needs prior to both parties

1

moving for summary judgment, Plaintiff believes the simple steps laid out below would prevent any such delay.

First, while we are very mindful of the coronavirus situation, Plaintiff submits that proceeding with the three remaining depositions by video should the coronavirus situation not materially improve is a reasonable and effective solution to move the case forward, so that it will be as close to trial ready as possible once in-person events are again safe and permissible. Likewise, proceeding with the court ordered mediation by phone or video should also be feasible if events do not allow otherwise.

In fact, the Federal Rules specifically provide for the taking of depositions by telephone or other remote means, s*ee* Fed. R. Civ. P. 30(b)(4), and Courts around the country, including in this Circuit, routinely allow them to be conducted in situations far less serious than the current one. *See, e.g., RP Family, Inc. v. Commonwealth Land Title Ins. Co.*, No. 10-CV-1149, 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011) ("[T]elephone depositions are a presumptively valid means of discovery.  Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request to take a telephonic deposition, the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship, and conduct a careful weighing of the relevant facts . . . . Authorization to take telephonic depositions does not depend upon a showing of hardship by the applicant.") (ordering video deposition where the deponent "would likely lose two days traveling from Omaha to New York and back") (quotations omitted); *Usov v. Lazar*, No. 13-CV-818, 2015 WL 5052497, at *2 (S.D.N.Y. Aug. 25, 2015) ("The harm to the Defendants involved in conducting the deposition via videoconference is negligible in comparison.  Although a party's ability to observe a deponent in person does have value, the inability to do so is a problem

with any remote deposition, and remote depositions are a presumptively valid means of discovery. Moreover, the fact that Dawes' deposition will be conducted by videoconference, rather than by telephone, minimizes any prejudice by allowing the Defendants to view his demeanor during questioning.")  (ordering remote deposition where witness was "unavailable" to fly to the United States because he lives in Asia and "has a fluid travel schedule between Asia, the Mauritius, and, at times, Europe") (quotation omitted).

Finally, if the Court is inclined to grant an extension of case deadlines to Defendant and as a result the Court believes a September 2020 trial is no longer possible, Plaintiff requests that the case be set for trial by the end of 2020, if at all possible.  Plaintiff alleges an ongoing violation of the antitrust laws and seeks injunctive relief (as well as damages) and, for this reason, wishes to proceed to trial as expeditiously as possible despite the current circumstances.

Dated: March 19, 2020                               **BOIES SCHILLER FLEXNER LLP**

*/s/ Philip J. Iovieno*
Philip J. Iovieno
Adam R. Shaw
Anne M. Nardacci
John F. Dew
BOIES SCHILLER FLEXNER LLP
30 South Pearl Street, 11th Floor
Albany, New York 12207
Telephone: (518) 434-0600
Email: piovieno@bsfllp.com
          ashaw@bsfllp.com
          anardacci@bsfllp.com
          jdew@bsfllp.com

Nicholas A. Gravante, Jr.
(*pro hac vice*)
575 Lexington Ave, 7th Floor
New York, NY 10022
Telephone: (212) 446-2320
Email: ngravante@bsfllp.com

*Counsel for Plaintiff AngioDynamics, Inc.*