**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANGIODYNAMICS, INC., | |
|                Plaintiff, | No. 1:17-CV-0598 (BKS/CFH) |
|   -against- | Judge Brenda K. Sannes |
| C. R. BARD, INC.; BARD ACCESS SYSTEMS, INC., | Magistrate Judge Christian F. Hummel |
|                Defendants. | |

**JOINT TRIAL PROCEDURES STIPULATION**

Plaintiff AngioDynamics, Inc. ("AngioDynamics) and Defendants C. R. Bard, Inc. and Bard Access Systems, Inc. ("Bard") hereby agree to follow the procedures set forth in this Joint Trial Procedures Stipulation (the "Stipulation").  The parties understand that unforeseen circumstances may arise during trial, including but not limited to witness unavailability and COVID-19 exposure, that prevent adherence to the Stipulation.  In the case of any unforeseen circumstances, the affected party will notify the opposing party as soon as possible and the parties will meet and confer in good faith to resolve the issue.  Further, if either party believes that rulings from the Court on the *in limine* motions impact any of the procedures set forth the Stipulation, the parties agree to meet and confer in good faith to make any changes to the Stipulation as appropriate.

**<u>Live Witnesses</u>**

1. On September 16, 2022, AngioDynamics will identify the live witnesses it expects to call and the order in which it expects to call them during the first three trial days.  Bard will provide AngioDynamics the reciprocal amount of notice, subject to AngioDynamics providing notice prior to the close of its case as set forth in Paragraph 2.  Thereafter, each party shall identify the order of live testifying witnesses at least 48 hours before the live witnesses take the stand.

2. AngioDynamics will give Bard notice of the close of AngioDynamics' case equal to the length of time between September 16, 2022 and the beginning of AngioDynamics' case.  Bard will promptly, but in no event more than 6 hours after AngioDynamics provides notice, identify the live witnesses it expects to call and the order in which it expects to call them during the first three days of Bard's case.

3. Bard will give AngioDynamics 48 hours' notice prior to the close of Bard's case. If AngioDynamics puts on, and the Court allows, a rebuttal case, within 24 hours of the start of its rebuttal case, AngioDynamics will identify any live witnesses it expects to call and the order in which it expects to call them during the remainder of the week in which Bard intends to rest.

4. If there is any necessary change in the order or composition of a party's witness list, or if a party no longer intends to call a live witness on its list, the party will in good faith provide the other side notice of that change as soon as possible, but in no event later than 6:00 p.m. on the evening before any rescheduled live witness will be called. But under no circumstances may a party move up a live witness by more than 24 hours. For clarity, a party may move up by more than 24 hours a witness called only by deposition, if necessary, so long as the party intending to play the deposition provides notice of that change as soon as possible, but in no event later than 6:00 p.m. on the evening before the deposition is played, and only if the other party has already provided counter-designations for that deposition.

5. The parties agree that fact witnesses, including rebuttal witnesses, will be excluded from the courtroom, except for during their own testimony and closing arguments, and that fact witnesses shall not review the transcripts of the trial testimony of other fact witnesses. The parties agree that each side may have one corporate representative (who also may be a witness) attend the entire trial. The parties agree that they will not call as witnesses each other's corporate representatives unless they are already on the witness list. The parties further agree that expert witnesses may attend the entire trial and/or review transcripts of openings and trial testimony.

**Exhibits and Objections**

6. The parties agree to provide to the other side a list of any exhibits not previously admitted or agreed to be admitted that the party expects to use with any live witness for purposes of any examination, but not exhibits to be used solely for impeachment or refreshing recollection, by 12:00 p.m. on the day before the exhibit will be used, but neither party shall reveal to any witness the list of exhibits the opposing party has disclosed for the purposes of cross-examination.  The parties agree to provide by 8:00 p.m. that same day any objections to such exhibits that they continue to assert.  If needed, the party may modify or supplement its list of exhibits after the 12:00 p.m. deadline, and will in good faith provide any changes to the other side, but no later than 6:00 p.m.
    a. If good faith efforts to resolve objections to exhibits fail, the objecting party shall bring its objections to the Court's attention prior to testimony commencing about those exhibits.
    b. The timing for when those objections will be resolved by the Court will be determined by the Court.
7. The parties agree that there shall be no objections to the authenticity of exhibits unless the objecting party in good faith has reason to believe the document is not authentic.
8. In order to reduce the number of duplicative exhibits, where a deposition excerpt references a document by exhibit number and that same document was also marked as a different exhibit number, a party shall substitute the trial exhibit version for the deposition version.

9. A party may not make reference to or argument regarding the confidentiality designation affixed at the time of production or any attorney client privilege designation or redaction on an exhibit unless the party has approached and received Court permission first.

10. *Fed. R. Evid. 1006 Summaries.* Each party intending to use a summary, chart, or calculation on direct or cross-examination to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court ("Rule 1006 Summary") must ensure that all underlying documents to be used in the Rule 1006 Summary are on the exhibit list. On September 16, 2022, AngioDynamics will identify for Bard any Rule 1006 Summaries, along with a listing by exhibit number of all summarized underlying documents and/or data pursuant to Rule 1006, it expects to use during the first three days of trial. Thereafter, each party shall identify any Rule 1006 Summaries, along with a listing by exhibit number of all summarized underlying documents and/or data pursuant to Rule 1006, 48-hours prior to the introduction of any Rule 1006 Summary.

    a. One day prior to the use of the Rule 1006 Summary, the objecting party shall provide any objections to the Rule 1006 Summary.

    b. If good faith efforts to resolve objections to the Rule 1006 Summary fail, the objecting party shall bring its objections to the Court's attention prior to testimony commencing that day.

**Demonstratives and Objections**

11. The parties agree that demonstrative exhibits need not be exchanged when initial trial exhibit lists are to be exchanged.

12. The parties agree to exchange any demonstrative exhibits not already offered into evidence or otherwise shown to the jury that they intend to offer into evidence or otherwise show the jury for the purposes of direct-examination (or admit into evidence on cross-examination), but not demonstratives used solely for impeachment or refreshing recollection, no later than 12:00 pm on the day before the introducing party plans to use the exhibit, but neither party shall reveal to any witness the list of demonstrative exhibits the opposing party has disclosed for the purposes of cross-examination.  If needed, the party may modify or supplement its list of demonstrative exhibits after the 12:00 p.m. deadline, and will in good faith provide any changes to the other side, but no later than 6:00 p.m.

13. The parties agree to provide any objections (other than foundation) to any demonstrative exhibits by 8:00 p.m. the same day.

    a. If good faith efforts to resolve objections to demonstratives fail, the objecting party shall bring its objections to the Court's attention prior to the start of testimony about those demonstratives.

    a. If any changes are made to the demonstratives after the exchange the night before, those changes shall be brought to the attention of the opposing party immediately upon arrival at Court the following morning.

    b. The timing for when those objections will be resolved by the Court will be determined by the Court.

14. *Jury Addresses.*  The parties agree to exchange slide decks to accompany opening statements by 12:00 p.m. on September 17, 2022.  The parties agree to exchange slide decks to accompany closing statements by 12:00 p.m. the day before closing statements.

The parties will work in good faith to resolve objections to slide decks accompanying opening statements prior to the start of the first day of trial.

    a. If good faith efforts to resolve objections to slide decks accompanying jury addresses fail, the objecting party shall bring its objections to the Court's attention prior to the start of jury addresses the following morning.

    b. If any changes are made to the demonstratives after the exchange the previous day, those changes shall be brought to the attention of the opposing party immediately upon arrive at Court the following morning.

15. Demonstratives that require advance disclosure under this agreement do not include blow-ups, call-outs, or highlighted/underlined portions of exhibits or testimony. The party offering a demonstrative will provide a color representation of the demonstrative to the other side in PDF form. However, for video or animations, the party seeking to use the demonstrative will provide it to the other side via file transfer or other effective electronic means agreed-upon by the parties. For irregularly sized physical exhibits, the party seeking to use the demonstrative will provide a color representation as a PDF of 8.5 x 11 copies of the exhibits.

**Deposition Designations**

16. Each side will endeavor to limit designations to testimony that they reasonably and in good faith believe they will read or play (in the case of videorecorded testimony) during trial.

17. The format for exchanging all designations (whether affirmative or counter) should be page/line number citations in table format.

18. As described below, each side will raise objections to designated testimony during the designation process so that the Court can rule on objections before that testimony is presented during the trial.

*Timing and procedure for exchanging designations and objections*

19. On May 24, 2022, the parties filed with the Court affirmative deposition testimony they intend to designate pursuant to the Court's September 13, 2021 Trial Order (ECF No. 222).

20. The parties subsequently exchanged counter-designations and objections pursuant to the following schedule:

    a.  **June 17, 2022** - Service of (1) objections to affirmative designations, and (2) counter-designations.

    b.  **June 23, 2022** - Service of objections to counter-designations.

21. The parties agree that if modifications are made to any affirmative designations after the May 24, 2022 filing, the party seeking to modify its affirmative designations will notify the other party as soon as practicable to allow the other party to make any reciprocal changes to its counter-designations and objections to affirmative designations.  Any changes to the designations and objections must be communicated between the parties before the final designations transcripts and/or videos are cut and exchanged, as set forth below.

22. On September 16, 2022, AngioDynamics will identify the witnesses it expects to call by deposition designations and the order in which it expects to call them during the first three trial days.  Bard will provide AngioDynamics the reciprocal amount of notice, and will identify the witnesses it expects to call by deposition designations and the order in

which it expects to call them during the first three days of its case, provided AngioDynamics gives Bard adequate notice of the close of AngioDynamics' case. Thereafter, each party shall identify depositions to be played no later than 48 hours before the deposition is to be played.

23. To ensure the accuracy of what is played or read to the jury, the parties have agreed to allow each side to pre-review the transcript portions to be read or video cut to be played to confirm that it contains all designated testimony, accurately reflects the Court's rulings, and, in the case of video, fairly represents the testimony and reference exhibits, so that any disputes can be presented to the Court before the jury hears the testimony. The timing of such pre-review will be determined after the parties have received the Court's rulings on unresolved objections to deposition designations, which will be addressed at the August 25, 2022 hearing.

24. If any unresolved objections remain after trial begins, the affirmatively designating party will submit those objections to the Court, along with the relevant transcript(s) and exhibits to be ruled upon. The timing for when those objections will be resolved by the Court will be determined by the Court.

Dated: July 13, 2022  
New York, New York

By: /s/ *Philip J. Iovieno*

Philip J. Iovieno  
Helen M. Maher *(pro hac vice)*  
Amanda L. Devereux *(pro hac vice)*  
Kristen J. McAhren *(pro hac vice)*  
Mark A. Singer  
Justin Arborn *(pro hac vice)*  
**CADWALADER, WICKERSHAM & TAFT LLP**  
200 Liberty Street  
New York, New York 10281  
Tel.: (212) 504-6000  
Fax: (212) 504-6666  
Philip.Iovieno@cwt.com  
Helen.Maher@cwt.com  
Amanda.Devereux@cwt.com  
Kristen.McAhren@cwt.com  
Mark.Singer@cwt.com  
Justin.Arborn@cwt.com  

*Attorneys for Plaintiff AngioDynamics, Inc.*


/s/ *Andrew J. Frackman*  
Andrew J. Frackman  
Mark Racanelli  
Pamela A. Miller  
afrackman@omm.com  
mracanelli@omm.com  
pmiller@omm.com  
**O'MELVENY & MYERS LLP**  
Times Square Tower  
7 Times Square  
New York, New York 10036-6537  
Tel: 212-326-2000  
Fax: 212-326-2061  

Sergei Zaslavsky  
szaslavsky@omm.com  
**O'MELVENY & MYERS LLP**  
1625 Eye Street, NW  
Washington, DC 20006  
Tel: 202-383-5300  
Fax: 202-383-5414  

Robert A. Atkins

        Jacqueline P. Rubin
        William B. Michael
        ratkins@paulweiss.com
        jrubin@paulweiss.com
        wmichael@paulweiss.com
        **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
        1285 Avenue of the Americas
        New York, NY 10019-6064
        Tel: 212-373-3000
        Fax: 212-757-3990

        James P. Nonkes
        jnonkes@HarrisBeach.com
        **HARRIS BEACH PLLC**
        99 Garnsey Road
        Pittsford, N.Y. 14534
        Tel: 585-419-8611
        Fax: 585-419-8811

        *Attorneys for Defendants C. R. Bard, Inc. and Bard Access Systems, Inc.*

**THE STIPULATION IS SO ORDERED.**

Dated: July 14, 2022                */s/ Brenda K. Sannes*
Syracuse, New York              Hon. Brenda K. Sannes
                                  United States District Judge